**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 2010-cv-02826-WJM-KMT

D.R. HORTON, INC.-DENVER d/b/a TRIMARK COMMUNITIES, a Delaware Corporation;
D.R. HORTON, INC., a Delaware Corporation,

       Plaintiff,

vs.

THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut Corporation;
TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation;
TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut Corporation; ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota Corporation; and CHARTER OAK FIRE INSURANCE COMPANY, a Connecticut Corporation,

       Defendants and Third Party Plaintiffs,

v.

AAA WATERPROOFING, INC., a Colorado Corporation,
ADMIRAL INSURANCE COMPANY, a Delaware Corporation,
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, a New York Corporation,
ARK CONSTRUCTION SERVICES, INC., a dissolved Colorado Corporation,
C & C SEAMLESS GUTTER COMPANY, was a trade name of Williams Consolidated I Ltd, a Texas corporation.
CONCRETE MANAGEMENT CORPORATION, a Colorado Corporation,
COURMEG LANDSCAPING DESIGN, LLC., a Colorado Limited Liability Company,
D.A.S.H. CONCRETE, INC., a Colorado Corporation,
DOVE CREEK ENTERPRISES, INC., a Colorado Corporation,
FOSTER FRAMES, INC., a Colorado Corporation,
J & K PIPELINE, INC., a Colorado Corporation,
JORGE ROMERO, d/b/a SPECIALIST PAINT,
LEVEL MASONRY, INC., a dissolved Colorado Corporation,
MID-CENTURY INSURANCE, a California Corporation,
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania Corporation,
PROTO CONSTRUCTION AND PAVING, INC., a Colorado Corporation,
R.G. INSULATION CO, INC., is a trade name of G.H. & W, Incorporated, a Missouri Corporation;

TIG INSURANCE, a California Corporation,
THE COOLER COMPANY, a Colorado Corporation,
TRI-STAR DRYWALL, INC., a Colorado Corporation,
WB LANDSCAPING, INC., a dissolved Colorado Corporation,
ZURICH SPECIALTIES LONDON, LTD., a non-incorporated re-insurer,

       Third Party Defendants.

---

## THIRD PARTY COMPLAINT

---

       Defendants, The Travelers Indemnity Company of America ("TIA"), The Travelers Indemnity Company ("IND"), The Travelers Indemnity Company of Connecticut ("TCT"), St. Paul Fire and Marine Insurance Company (St. Paul"), and The Charter Oak Fire Insurance Company ("Charter Oak"), (collectively referred to as "The Travelers Entities") by and through their counsel, Miletich Pearl LLC, hereby state and allege as follows for their Third Party Complaint:

## <u>JURISDICTION AND VENUE</u>

       1.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states and the amount in controversy exceeds the value of $75,000, exclusive of interest and costs of suit.

       2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(1).

## **THE PARTIES**

### A.      The Third Party Plaintiffs

3.      TIA is an insurance company incorporated in the State of Connecticut, with its principal place of business in the State of Connecticut.  TIA issued certain policies to Brannan Sand & Gravel, Inc. ("Brannan"), as the named insured.

4.      IND is an insurance company incorporated in the State of Connecticut, with its principal place of business in the State of Connecticut.  IND issued certain policies to Metropolitan Insulation Supply ("Metro"), as the named insured.

5.      TCT is an insurance company incorporated in the State of Connecticut, with its principal place of business in the State of Connecticut.  TCT issued certain policies of insurance to E.J. Plumbing ("E.J."), as the named insured.

6.      St. Paul is an insurance company incorporated in the State of Minnesota, with its principal place of business in the State of Connecticut.  St. Paul issued a policy to Bemas Construction, Inc. ("Bemas"), as the named insured.

7.      Charter Oak is an insurance company incorporated in the State of Connecticut, with its principal place of business in the State of Connecticut.  Charter Oak issued certain policies to Brannan and E.J., as the named insureds.

### B.  The Plaintiffs' Insurers

8.      Admiral Insurance Company ("Admiral") is incorporated in the State of Delaware with its principal place of business in the State of New Jersey.   Upon information and belief, Admiral issued certain policies of insurance to D.R. Horton, Inc., as the named insured.

9.      American International Specialty Lines Insurance Company ("AISLIC") is incorporated in the State of Delaware with its principal place of business in the State of New York.  Upon information and belief, AISLIC issued certain policies of insurance to D.R. Horton, Inc., as the named insured.

10.      National Union Fire Insurance Company Of Pittsburgh ("National Union") is a Pennsylvania Corporation, with its principal place of business in the State of New York.  Upon information and belief, National Union issued certain policies of insurance to D.R. Horton, Inc., as the named insured.

C.  The Subcontractors

11.      AAA Waterproofing, Inc. ("AAA") is a Colorado corporation with its principal place of business in the State of Colorado.

12.      Ark Construction Services, Inc. ("Ark") was a Colorado Corporation with its principal place of business in the State of Colorado, and was voluntarily dissolved on May 9, 2007.

13.      C & C Seamless Gutter Company ("C & C") was a trade name of Williams Consolidated I Ltd, which is or was a Texas corporation which had its Colorado authority terminated February 19, 2002.

14.      Concrete Management Corporation ("CMC") is a Colorado Corporation with its principal place of business in the State of Colorado.

15.      Courmeg Landscape Design, LLC ("Courmeg") is a Colorado Limited Liability Company with its principal place of business in the State of Colorado.

16.     D.A.S.H. Concrete, Inc., ("DASH") is a Colorado corporation with its principal place of business in the State of Colorado.

17.     Dove Creek Enterprises, Inc. ("Dove Creek") is a Colorado corporation with its principal place of business in the State of Colorado.

18.     Foster Frames, Inc. ("Foster") is a Colorado corporation with its principal place of business in the State of Colorado.

19.     J & K Pipeline, Inc. ("J & K") is a Colorado corporation with its principal place of business in the State of Colorado.

20.     Jorge Romero is an individual, d/b/a Specialist Paint ("Specialist Paint").

21.     Level Masonry, Inc. ("Level") is a Colorado Corporation with its principal place of business in the state of Colorado.

22.     Proto Construction & Paving, Inc. ("Proto") is a Colorado corporation with its principal place of business in the State of Colorado.

23.     RG Insulation ("R.G.") is a trade name of G.H. & W, Incorporated, a Missouri Corporation.

24.     The Cooler Company ("Cooler") is a Colorado corporation with its principal place of business in the State of Colorado.

25.     WB Landscaping, Inc. ("WB") is a Colorado corporation with its principal place of business in the State of Colorado.

D.  The Subcontractors' Insurers

26.     Mid-Century Insurance ("Mid-Century") is an insurance company incorporated in the state of California with its principal place of business in the State of California.   Upon

information and belief Mid-Century issued certain insurance policies to Scott Free Plumbing ("Scott Free") and Y-C Concrete Options ("Y-C"), as the named insureds.

27.    TIG Insurance ("TIG") is an insurance company incorporated in the State of California, with its principal place of business in the State of California.  Upon information and belief TIG issued certain insurance policies to Allied Insulations ("Allied"), as the named insured.

28.    Zurich Specialties London, Ltd. ("Zurich") is a non-incorporated re-insurer with its principal place of business in the State of New York.  Upon information and belief, Zurich issued certain insurance policies to Snows Concrete, as the named insured.

### GENERAL ALLEGATIONS

29.    On February 3, 2003, the Summit at Rock Creek Homeowners Association, Inc. (the "HOA") filed a Complaint in the District Court for Boulder County, Colorado, Case Number 03CV209, (the "Underlying Action") against D.R. Horton, Inc. – Denver, *et. al.* ("D.R. Horton") for alleged construction defects at the Summit at Rock Creek development (the "Project").

30.    D.R. Horton was represented in the Underlying Action by Higgins, Hopkins, McLain & Roswell, LLC ("HHMR").

31.    Upon information and belief, each of the following entities performed work at the Project as subcontractors of "Trimark Communities and its subsidiaries and affiliates", and entered into Independent Subcontractor Agreements ("Agreements") with "Trimark Communities and its subsidiaries and affiliates":  AAA; Allied; Ark; Bemas; Brannan; C & C; CMC; Courmeg; DASH; Dove Creek; E.J.; Foster Frames; J & K; Level Metro; Proto; RG; Scott

Free; Snows; Specialist Paint; Cooler; Tri-Star; WB, and Y-C (Collectively referred to as the "Subcontractors").

32.    HHMR, on D.R. Horton's behalf, tendered the defense of the Underlying Action to the Subcontractors (the "Tender Letters").

33.    The Tender Letters advised each of the Subcontractors that based on the language of the Agreements, each of the Subcontractors was liable to indemnify, hold harmless and defend D.R. Horton from and against claims, damages, losses, and expenses, including but not limited to attorneys' fees, arising out of or resulting from the negligent acts or omissions of each of the Subcontractors.

34.    The Agreements also required that the Subcontractors include "Trimark Communities, and its subsidiaries and affiliates," as an additional insured on the Broad Form Commercial General Liability Insurance required to be carried by each subcontractor prior to working on the Project.    Specifically, the Subcontractors agreed to carry: "(a) Broad Form Commercial General Liability Insurance on an Occurrence Form, naming the Indemnitee[1] as an additional insured and . . . protecting against . . . broad form property damage . . . arising from the exposure of . . . (2) products completed operations. . ."

35.    The Agreements required each Subcontractor to indemnify and defend "Trimark Communities, and its subsidiaries and affiliates," both contractually and as an additional insured on its insurance policy.

---

[1] Paragraph 11 of the Agreements defines "Indemnitee" as "Horton, its affiliates and any of their respective officers, directors, partners, employees and agents."    "Horton" is previously defined in the Agreements as "Trimark Communities and its subsidiaries and affiliates."

36.     On February 12, 2004, D.R. Horton filed a Third Party Complaint in the Underlying Action against each of the Subcontractors.  On August 15, 2005, D.R. Horton filed its Third Amended Third Party Complaint in the Underlying Action against each of the Subcontractors as Third Party Defendants.

37.     The Third Amended Third Party Complaint alleges that "to the extent the allegations made in the HOA's Complaint are true, which Horton denies, any and all damages incurred by the HOA were proximately caused in whole or in part by the breach of contract by the Third Party Defendants and/or their subcontractors."

38.     In the breach of contract claim contained in the Third Amended Third Party Complaint, D.R. Horton alleged that: "upon information and belief . . . some of the Third-Party Defendants failed to name Horton as an additional insured under their insurance policies and failed to purchase and maintain general liability insurance policies that contain the requisite terms and minimum policy limits."

39.     D.R. Horton also alleged as part of its Third Amended Third Party Complaint that as a result of the Subcontractors' failure to obtain the requisite insurance coverage, "Horton has incurred damages and costs" which included but were not limited to: "the costs to obtain defense counsel that would otherwise have been paid for by the Third-Party Defendants pursuant to their subcontracts or by their insurer pursuant to their insurance policies."

40.     Prior to trial in the Underlying Action, D.R. Horton and the HOA settled the HOA's claims against D.R. Horton for the amount of $39,500,000.00 (the "Settlement").

41.     Following the Settlement, D.R. Horton continued to pursue its Third Party claims against the Subcontractors, including its Breach of Contract claim for payment of D.R. Horton's defense fees and costs, incurred in the Underlying Action.

42.     Upon information and belief, D.R Horton incurred defense fees and costs, through the Settlement, in the amount of $1,239,906.64

43.     TIA and Charter Oak agreed to participate in the defense of D. R. Horton as a purported "additional insured," subject to a full reservation of rights, under the terms and conditions of the policies issued to Brannan.

44.     IND agreed to participate in the defense of D. R. Horton as a purported "additional insured," subject to a full reservation of rights, under the terms and conditions of the policies issued to Metro.

45.     St. Paul agreed to participate in the defense of D. R. Horton, as a purported "additional protected person," subject to a full reservation of rights, under the terms and conditions of the policy issued to Bemas.

46.     Charter Oak agreed to participate in the defense of D. R. Horton, as a purported "additional insured," subject to a full reservation of rights, under the terms and conditions of the policies issued to E.J.

47.     Upon information and belief, TIG agreed to participate in the defense of D.R. Horton, as an additional insured, under a policy of insurance issued to Allied.

48.     Upon information and belief, Mid-Century agreed to participate in the defense of D.R. Horton, as an additional insured under policies of insurance issued to Y-C and Scott Free.

49.     Upon information and belief, Zurich Specialties London, Ltd. had an obligation to defend D.R. Horton in the Underlying Action, under a policy of insurance issued to Snows, but failed to participate in the defense of D.R. Horton.

50.     Upon information and belief, Admiral had a duty to defend D.R. Horton in the Underlying Action.

51.     Upon information and belief, AISLIC had a duty to defend D.R. Horton in the Underlying Action.

52.     Upon information and belief, National Union had a duty to defend D.R. Horton in the Underlying Action.

53.     Upon information and belief, the following Subcontractors did not obtain additional insured coverage as required in the Agreement:  AAA; Ark; C & C; CMC; Courmeg; DASH; Dove Creek; Foster; J & K; Level; Proto; RG; Specialist Paint; Cooler; Tri-Star, and WB.

54.     Each of the subcontractors who failed to obtain additional insured coverage, as required by the Agreement, had an obligation to defend D.R. Horton in the Underlying Action.

55.     Upon information and belief, neither AAA nor any of its insurers contributed toward the defense fees and costs of D.R. Horton.

56.     Upon information and belief, neither Ark nor any of its insurers contributed toward the defense fees and costs of D.R. Horton.

57.     Upon information and belief, neither C & C nor any of its insurers contributed toward the defense fees and costs of D.R. Horton.

58.     Upon information and belief, neither CMC nor any of its insurers contributed toward the defense fees and costs of D.R. Horton.

59.     Upon information and belief, neither Courmeg nor any of its insurers contributed toward the defense fees and costs of D.R. Horton.

60.     Upon information and belief, neither DASH nor any of its insurers contributed toward the defense fees and costs of D.R. Horton.

61.     Upon information and belief, neither Dove Creek nor any of its insurers contributed toward the defense fees and costs of D.R. Horton.

62.     Upon information and belief, neither Foster nor any of its insurers contributed toward the defense fees and costs of D.R. Horton.

63.     Upon information and belief, neither J & K nor any of its insurers contributed toward the defense fees and costs of D.R. Horton.

64.     Upon information and belief, neither Level nor any of its insurers contributed toward the defense fees and costs of D.R. Horton.

65.     Upon information and belief, neither Proto nor any of its insurers contributed toward the defense fees and costs of D.R. Horton.

66.     Upon information and belief, neither Specialist nor any of its insurers contributed toward the defense fees and costs of D.R. Horton.

67.     Upon information and belief, neither Cooler nor any of its insurers contributed toward the defense fees and costs of D.R. Horton.

68.     Upon information and belief, neither Tri-Star nor any of its insurers contributed toward the defense fees and costs of D.R. Horton.

69.     Upon information and belief, neither WB nor any of its insurers contributed toward the defense fees and costs of D.R. Horton.

70.     D.R. Horton is attempting to collect from TIA, TCT, IND, St. Paul and Charter Oak, defense fees and costs arising out of the Underling Action in excess of the exposure to each of the Travelers Entities based on the nature and scope of the additional insured endorsements and/or additional protected person endorsement contained in their respective policies.

## FIRST CLAIM FOR RELIEF
### (Equitable Subrogation)

71.     The Travelers Entities incorporate paragraphs 1 - 70 of the Third Party Complaint as if fully set forth herein.

72.     TIA, IND, St. Paul and Charter Oak, as the insurers of one or more of the following subcontractors - Bemas, Brannan, E.J. and Metro - agreed to defend D.R. Horton as an additional insured under the Bemas, Brannan, E.J. and Metro policies, pursuant to the terms of conditions of the policies, and subject to their respective reservation of rights.

73.     TIA, IND, St. Paul and Charter Oak each contributed their respective equitable share of the defense fees and costs, incurred by D.R. Horton.

74.     To the extent Plaintiffs' allegations are true, the Third Party Defendants are liable for their equitable share of the defense fees and costs, incurred by D.R. Horton in the Underlying Action.

75.     To the extent Plaintiffs' allegations are true, the Third Party Defendants have breached their duties to defend D.R. Horton and/or "Trimark Communities and its subsidiaries and affiliates" or have failed to contribute their equitable share of the defense fees and costs.

76.     To the extent Plaintiffs' allegations are true, the Travelers Entities are entitled to

equitable subrogation from Defendants to the extent that Plaintiffs' claims seek more than the Travelers Entities equitable share of defense fees and costs.

77.     To the extent Plaintiffs' allegations are true, the Travelers Defendants are entitled to recoup that share of the defense costs which should have been paid or are owed from the Third Party Defendants.

## SECOND CLAIM FOR RELIEF
### (Contractual Subrogation)

78.     The Travelers Entities incorporate paragraphs 1 – 77 of the Third Party Complaint as if fully set forth herein.

79.     The policies issued by the Travelers Entities to Bemas, Brannan, E.J, and Metro contain subrogation provisions.

80.     The Travelers Entities are contractually entitled to recover any payments that it made on behalf of any other entity or person that was liable for such payment.

81.     To the extent Plaintiffs' allegations are true, the Third Party Defendants have likewise breached their contractual duties to defend D.R. Horton and/or "Trimark Communities and its subsidiaries and affiliates."   Pursuant to the Travelers Entities contractual subrogation rights, the Travelers Defendants are subrogated to Plaintiffs' claims, and are entitled to recoup that share of the defense costs which should have been paid or are owed from the Third Party Defendants.

## THIRD CLAIM FOR RELIEF
### (Equitable Contribution)

82.     The Travelers Entities incorporate the allegations set forth in paragraph 1 through 81 of the Third Party Complaint as if fully set forth herein.

83.     Plaintiffs are seeking to collect from the Travelers Entities more than the Travelers Entities equitable share of defense fees and costs, arising out of the work of their respective insureds.

84.     The Third Party Defendants each had an independent duty to defend Plaintiffs in the Underlying Action.

85.     The Third Party Defendants are responsible for their equitable share of Plaintiffs' defense fees and costs arising out of the Underlying Action.

86.     The Travelers Entities are entitled to contribution from the Third Party Defendants pursuant to C.R..S §13-50.5-102.

## FOURTH CLAIM FOR RELIEF
### (Claim For Declaratory Judgment)

87.     The Travelers Entities incorporate paragraphs 1 – 86 of the Third Party Complaint as if fully set forth herein.

88.     An actual controversy has arisen and now exists with respect to the obligations and duties of the Third Party Plaintiffs and Third Party Defendants with respect to payment of the defense fees and costs of Plaintiff.

89.     Pursuant to 28 U.S.C § 2201, Declaratory Judgments, The Travelers Defendants seek to have the Court determine the rights and legal obligations for payment of defense fees and costs incurred in the defense of D.R. Horton in the Underlying Action.

**WHEREFORE**, the Travelers Entities pray that the Court enter judgment in their favor and against the Third Party Defendants in amounts to be proven at trial, including but not limited to all amounts awarded to the Plaintiffs against the Travelers Entities, costs, pre and post judgment interest and such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.

Respectfully submitted this 4th day of April, 2011.

*/s/ Laura Trask Schneider*
_____

Laura Trask Schneider
Miletich Pearl LLC
999 Eighteenth Street, Suite 1850
Denver, CO  80202
Phone: (303) 825-5500
Fax:  (303) 825-5501
E-Mail:  lschneider@mplawllc.com
**ATTORNEY FOR ALL DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Patrick J. Kanouff, Esq.
Mr. Scott W. Wilkinson, Esq.
Davis & Ceriani, P.C.
1350 17th Street, Suite 400
Denver, CO  80202

*/s/ Laura Trask Schneider*
_____

Laura Trask Schneider
Miletich Pearl LLC
999 Eighteenth Street, Suite 1850
Denver, CO  80202
Phone: (303) 825-5500
Fax:  (303) 825-5501
E-Mail:  lschneider@mplawllc.com
**ATTORNEY FOR DEFENDANTS**