IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02826–WJM–KMT

DR. HORTON, INC. - DENVER d/b/a TRIMARK COMMUNITIES, a Delaware corporation, and
DR. HORTON, INC., a Delaware corporation,

    Plaintiffs,

v.

THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut corporation,
TRAVELERS INDEMNITY COMPANY, a Connecticut corporation,
TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation,
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, and
CHARTER OAK FIRE INSURANCE COMPANY, a Connecticut corporation,

    Defendants and Third Party Plaintiffs,

v.

AAA WATERPROOFING, INC., a Colorado Corporation,
ADMIRAL INSURANCE COMPANY, a Delaware Corporation,
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, a New York Corporation,
ARK CONSTRUCTION SERVICES, INC., a dissolved Colorado Corporation,
C & C SEAMLESS GUTTER COMPANY, was a trade name of Williams Consolidated I Ltd., a Texas corporation,
CONCRETE MANAGEMENT CORPORATION, a Colorado Corporation,
D.A.S.H. CONCRETE, INC., a Colorado Corporation,
DOVE CREEK ENTERPRISES, INC., a Colorado Corporation,
FOSTER FRAMES, INC., a Colorado Corporation,
J & K PIPELINE, INC., a Colorado Corporation,
JORGE ROMERO, d/b/a SPECIALIST PAINT,
LEVEL MASONRY, INC., a dissolved Colorado Corporation,
MID-CENTURY INSURANCE, a California Corporation,
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania Corporation,
PROTO CONSTRUCTION AND PAVING, INC., a Colorado Corporation,

R. G. INSULATION CO, INC., is a trade name of G.H. & W, Incorporated, a Missouri Corporation,
TIG INSURANCE, a California Corporation,
THE COOLER COMPANY, a Colorado Corporation,
TRI-STAR DRYWALL, INC., a Colorado Corporation,
WB LANDSCAPING, INC., a dissolved Colorado Corporation, and
ZURICH SPECIALTIES LONDON, LTD., a non-incorporated re-insurer,

   Third Party Defendants.

## AMENDED ORDER

This matter is before the court on "Defendants' Unopposed Motion to Amend Answer." (Doc. No. 28, filed 4/1/2011.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for

> the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Defendants previously filed an Amended Answer to add counterclaims. (*See* Doc. No. 10.) Defendants now seek to amend their Answer to "correct and clarify the position of TCT with respect to its duty to defend D.R.Horton, Inc. – Denver a/k/a Trimark Communities." (Mot. at ¶ 2.) Plaintiffs do not oppose Defendants' Motion. The deadline for amending the pleadings was April 3, 2011. (Doc. No. 18 at 22.) Therefore, the Motion—filed April 1, 2011—is timely. Further, the case is in the early stages of litigation. Moreover, upon review of Defendants' Motion and the proposed Second Amended Answer, the court finds no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility. However, the court notes that Defendants' proposed Second Amended Answer does not include the counterclaims which appear in Defendants' "Amended Answer on Behalf of All Defendants with Counterclaims Against All Plaintiffs." (Doc. No. 10.)

Therefore, it is **ORDERED**

"Defendants' Unopposed Motion to Amend Answer" (Doc. No. 28) is GRANTED. No later than April 11, 2011, Defendants shall file a Second Amended Answer that includes all of Defendants' defenses and counterclaims as reflected in Defendants' "Amended Answer on Behalf of All Defendants with Counterclaims Against All Plaintiffs" (Doc. No. 10) and

Defendants' proposed Second Amended Answer (Doc. No. 28-1).

Dated this 6th day of April, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge