IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02826–WJM–KMT

D.R. HORTON, INC. - DENVER d/b/a TRIMARK COMMUNITIES, a Delaware corporation, and
D.R. HORTON, INC., a Delaware corporation,

    Plaintiffs,

v.

THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut corporation,
TRAVELERS INDEMNITY COMPANY, a Connecticut corporation,
TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation,
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, and
CHARTER OAK FIRE INSURANCE COMPANY, a Connecticut corporation,

    Defendants and Third Party Plaintiffs,

v.

AAA WATERPROOFING, INC., a Colorado Corporation,
ADMIRAL INSURANCE COMPANY, a Delaware Corporation,
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, a New York Corporation,
ARK CONSTRUCTION SERVICES, INC., a dissolved Colorado Corporation,
C & C SEAMLESS GUTTER COMPANY, was a trade name of Williams Consolidated I Ltd., a Texas corporation,
CONCRETE MANAGEMENT CORPORATION, a Colorado Corporation,
D.A.S.H. CONCRETE, INC., a Colorado Corporation,
DOVE CREEK ENTERPRISES, INC., a Colorado Corporation,
FOSTER FRAMES, INC., a Colorado Corporation,
J & K PIPELINE, INC., a Colorado Corporation,
JORGE ROMERO, d/b/a SPECIALIST PAINT,
LEVEL MASONRY, INC., a dissolved Colorado Corporation,
MID-CENTURY INSURANCE, a California Corporation,
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania Corporation,
PROTO CONSTRUCTION AND PAVING, INC., a Colorado Corporation,

R. G. INSULATION CO, INC., is a trade name of G.H. & W, Incorporated, a Missouri Corporation,
TIG INSURANCE, a California Corporation,
THE COOLER COMPANY, a Colorado Corporation,
TRI-STAR DRYWALL, INC., a Colorado Corporation,
WB LANDSCAPING, INC., a dissolved Colorado Corporation, and
ZURICH SPECIALTIES LONDON, LTD., a non-incorporated re-insurer,

Third Party Defendants.

## ORDER

This matter is before the court on "The Cooler Company's Motion for Leave to Amend Answer to Third-Party Complaint and Assert Crossclaims." (Doc. No. 80, filed June 24, 2011 [Mot.].)  Plaintiffs filed a response in opposition on July 8, 2011 (Doc. No. 95 [Resp.]) and The Cooler Company (hereinafter "Cooler") filed a reply on July 11, 2011 (Doc. No. 96 [Reply]).  In its Motion, Cooler seeks to amend its "Answer to Third Party Complaint" (Doc. No. 38, filed May 4, 2011) to assert crossclaims against Plaintiff D.R. Horton, Inc. – Denver d/b/a Trimark Communities (hereinafter "Trimark").

### LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Under Fed. R. Civ. P. 13(g) "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim." "Rule 13(g) is remedial and should be liberally construed to achieve expeditious and economical adjudication in a single action of all issues arising from one set of facts." *Old Homestead Bread Co. v. Continental Baking Co.*, 47 F.R.D. 560, 564 (D. Colo. 1969).

## ANALYSIS

Cooler's proposed crossclaims arise out of a settlement agreement (hereinafter "Release") resolving claims brought by Trimark against Cooler in a prior state court litigation. (Mot. at 2-3.) The Release relinquished all claims that Trimark "its affiliates, and/or its insurers" had against Cooler. (Mot. at 3-4.) Trimark also represented and warranted that "no other person or entity has, or has had, any interest in the claims . . . referred to in [the Release] . . . ; that [Trimark] has the sole right and exclusive authority to receive the sums specified herein; and that

3

[Trimark] has not sold, assigned . . . or otherwise disposed of" the claims referred to in the Release. (*Id.*) Finally, in the event that any such claims did exist, Trimark agreed to "defend, indemnify, and hold harmless" Cooler as to those claims. (*Id.*)

In present case, the Traveler Defendants[1] have asserted third party claims against Cooler alleging that "they are subrogated to Trimark's right to recover defense costs from Cooler and that Cooler owes contribution for Trimark's defense costs incurred in this suit." (*Id.* at 5.) Thus, in its proposed crossclaims, Cooler alleges that Trimark breached the representations and warranties found in the Release and, in any event, Trimark agreed to defend, indemnify, and hold Cooler harmless as to the Traveler Defendants' claims. (*Id.*)

Plaintiffs do not argue that the subject-matter of Cooler's proposed crossclaims is inconsistent with the provisions of Fed. R. Civ. P. 13(g). Instead, Plaintiffs argue that Cooler's Motion should be denied because Cooler's proposed amendments are futile. (Resp. at 2.) First, Plaintiffs maintain that Cooler's proposed crossclaim alleging that Trimark breached the Release is futile because the representations and warranties contained in the Release covered only claims existing at the time the Release was entered, whereas the Travelers Defendants' claims arose well after that time. (*Id.* at 3-4.) Second, Plaintiffs argue that Cooler's proposed crossclaim that Trimark is obligated to defend and indemnify Cooler against the Traveler Defendants' claims is futile because the Traveler Defendants' claims are frivolous, and in order "for [Cooler] to prevail

---

[1] The Travelers Defendants include: The Travelers Indemnity Company of America, Travelers Indemnity Company, Travelers Indemnity Company of Connecticut, St. Paul Fire and Marine Insurance Company, and Charter Oak Fire Insurance Company.

on its contractual indemnification claim, . . . there must be some sort of viable, or at least colorable, claim for Trimark to indemnify against." (Resp. at 4-5.)

Instead of addressing Trimark's futility arguments, the court is instead persuaded by a recent order issued by District Judge Martinez granting leave to amend. *Stender v. Cardwell,* 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011) (unpublished). There, while acknowledging that "the court may deny leave to amend if the proposed amendments fail to state plausible claims for relief under Rule 12(b)(6)," Judge Martinez noted that "[p]rejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend." *Id.* (citations omitted). Because the defendants in *Stender* did not allege that any prejudice would result from allowing leave to amend, District Judge Martinez found that their opposition was "grievously weakened" and therefore, to preserve scare judicial resources, declined to address the issue of futility. *Id.* Instead, District Judge Martinez concluded that the *Stender* defendants' arguments were better addressed if and when the defendants filed a motion to dismiss on the same grounds. *Id.*

The court elects to follows the guidance of *Stender* here. Trimark does not argue that Cooler's proposed amendments would be prejudicial—let alone unduly so. Moreover, Plaintiffs' futility argument as to Cooler's proposed crossclaim for breach of the Release requires not only a close examination of the Release itself, but also implicates the arguably factual question of when the Travelers Defendants' claims against Cooler arose. Similarly, Plaintiffs' futility argument as to Cooler's contractual indemnification crossclaim requires collateral consideration of whether the Travelers Defendants' claims against Cooler in this case are "frivolous," or

"instead raise a viable, or at least colorable, claim." (Resp. at 4-5.) Because Plaintiffs have not argued any other grounds for denying leave to amend, the court finds it wise to leave the question of whether Cooler's proposed amendments fail to state a claim until a properly filed motion to dismiss.

THEREFORE,

It is ORDERED that "The Cooler Company's Motion for Leave to Amend Answer to Third-Party Complaint and Assert Crossclaims." (Doc. No. 80) is **GRANTED**.

It is further ORDERED that

"The Cooler Company's Amended Answer, Crossclaims against D.R. Horton, Inc. – Denver d/b/a Trimark Communities" (Doc. No. 81) is **STRICKEN**. The Clerk of Court shall **re-file** "The Cooler Company's Amended Answer, Crossclaims against D.R. Horton, Inc. – Denver d/b/a Trimark Communities" in order to reflect it as filed as of the date of this order.

Dated this 9th day of August, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge