IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02826–WJM–KMT

D.R. HORTON, INC. - DENVER d/b/a TRIMARK COMMUNITIES, a Delaware corporation, and
D.R. HORTON, INC., a Delaware corporation,

    Plaintiffs,

v.

THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut corporation,
TRAVELERS INDEMNITY COMPANY, a Connecticut corporation,
TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation,
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, and
CHARTER OAK FIRE INSURANCE COMPANY, a Connecticut corporation,

    Defendants and Third Party Plaintiffs,

v.

AAA WATERPROOFING, INC., a Colorado Corporation,
ADMIRAL INSURANCE COMPANY, a Delaware Corporation,
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, a New York Corporation,
ARK CONSTRUCTION SERVICES, INC., a dissolved Colorado Corporation,
C & C SEAMLESS GUTTER COMPANY, was a trade name of Williams Consolidated I Ltd., a Texas corporation,
CONCRETE MANAGEMENT CORPORATION, a Colorado Corporation,
D.A.S.H. CONCRETE, INC., a Colorado Corporation,
DOVE CREEK ENTERPRISES, INC., a Colorado Corporation,
FOSTER FRAMES, INC., a Colorado Corporation,
J & K PIPELINE, INC., a Colorado Corporation,
JORGE ROMERO, d/b/a SPECIALIST PAINT,
LEVEL MASONRY, INC., a dissolved Colorado Corporation,
MID-CENTURY INSURANCE, a California Corporation,
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania Corporation,
PROTO CONSTRUCTION AND PAVING, INC., a Colorado Corporation,

R. G. INSULATION CO, INC., is a trade name of G.H. & W, Incorporated, a Missouri Corporation,
TIG INSURANCE, a California Corporation,
THE COOLER COMPANY, a Colorado Corporation,
TRI-STAR DRYWALL, INC., a Colorado Corporation,
WB LANDSCAPING, INC., a dissolved Colorado Corporation, and
ZURICH SPECIALTIES LONDON, LTD., a non-incorporated re-insurer,

Third Party Defendants.

---

**ORDER**

---

This matter is before the court on "Third Party Defendant Mid-Century Insurance's Motion for Leave to file an Amended Answer and Cross Claims."[1] (Doc. No. 202, filed Nov. 18, 2011.) In its Motion, pursuant to D.C.COLO.LCivR 7.1A's conferral requirement, Mid-Century indicates that a number of parties[2] did not oppose the relief sought in its Motion. On December 12, 2011, Plaintiffs D.R. Horton, Inc. – Denver d/b/a Trimark Communities and D.R. Horton, Inc. (collectively "D.R. Horton") filed a response indicating that they also did not oppose Mid-Century's Motion. (Doc. No. 210 [Resp.].) Pursuant to D.C.COLO.LCivR 7.1C and Fed. R. Civ.

---

[1] On November 28, 2011, Mid-Century Insurance (hereinafter "Mid-Century") filed a "Submission of Corrected Exhibit 1 to its Motion for Leave to File Amended Answer and Cross Claims." (Doc. No. 208.) Attached thereto is a corrected version of Mid-Century's proposed Amended Answer and Crossclaims with all proposed exhibits. (Doc. No. 208-1.)

[2] Specifically, Mid-Century indicates that Tri-Star Drywall, Inc., The Cooler Company, Ark Construction Services, Inc., Admiral Insurance Company, TIG Insurance, Zurich Specialties London, Ltd., Foster Frames, Inc., R. G. Insulation Co., Inc., C & C Seamless Gutter Company, Jorge Romero d/b/a Specialist Pain, and Level Masonry did not oppose the relief sought in Mid-Century's Motion. (Mot. at 2.)

P. 6(d), the remaining parties that had not previously provided their position on Mid-Century's Motion had until December 15, 2011 to file a response indicating whether they opposed Mid-Century's Motion and, if so, the grounds therefore.  No response was filed by, or at anytime after, that date.

In its Motion, Mid-Century seeks to amend its Answer (Doc. No. 59, filed May 27, 2011) to add a statute of limitations defense and to assert a cross-claim against D.R. Horton, Inc. – Denver d/b/a Trimark Communities for breach of contract and breach of implied duty of good faith and fair dealing.  (Mot. at 3-4.)

Pursuant to Fed.R.Civ.P. 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Under Fed.R.Civ.P. 13(g) "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim." "Rule 13(g) is remedial and should be liberally construed to achieve expeditious and economical adjudication in a single action of all issues arising from one set of facts." *Old Homestead Bread Co. v. Continental Baking Co.*, 47 F.R.D. 560, 564 (D. Colo. 1969).

The First Amended Scheduling Order (Doc. No. 184, filed Oct. 10, 2011) set the deadline for amending the pleadings at November 18, 2011. Mid-Century's Motion, filed on that date, is therefore timely. Otherwise, upon review of the Mid-Century's proposed "Amended Answer and Crossclaims (Doc. No. 208-1), the court finds that, at this juncture,[3] there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is

ORDERED that "Third Party Defendant Mid-Century Insurance's Motion for Leave to

---

[3] The court acknowledges that D.R. Horton believes that Mid-Century's crossclaims lack merit and are therefore futile and the fact that it reserves the right to challenge the sufficiency of Mid-Century's claims through later motions practice. (Resp. at 2.)

file an Amended Answer and Cross Claims" (Doc. No. 202) is GRANTED. The clerk of court is directed to file Mid-Century Insurance's "Amended Answer, Crossclaims, and Jury Demand" (Doc. No. 208-1).

Dated this 7th day of February, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge