IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02826–WJM–KMT

D.R. HORTON, INC. - DENVER d/b/a TRIMARK COMMUNITIES, a Delaware corporation, and
D.R. HORTON, INC., a Delaware corporation,

    Plaintiffs,

v.

THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut corporation,
TRAVELERS INDEMNITY COMPANY, a Connecticut corporation,
TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation,
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, and
CHARTER OAK FIRE INSURANCE COMPANY, a Connecticut corporation,

    Defendants and Third Party Plaintiffs,

v.

AAA WATERPROOFING, INC., a Colorado Corporation,
ADMIRAL INSURANCE COMPANY, a Delaware Corporation,
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, a New York Corporation,
ARK CONSTRUCTION SERVICES, INC., a dissolved Colorado Corporation,
C & C SEAMLESS GUTTER COMPANY, was a trade name of Williams Consolidated I Ltd., a Texas corporation,
CONCRETE MANAGEMENT CORPORATION, a Colorado Corporation,
D.A.S.H. CONCRETE, INC., a Colorado Corporation,
DOVE CREEK ENTERPRISES, INC., a Colorado Corporation,
FOSTER FRAMES, INC., a Colorado Corporation,
J & K PIPELINE, INC., a Colorado Corporation,
JORGE ROMERO, d/b/a SPECIALIST PAINT,
LEVEL MASONRY, INC., a dissolved Colorado Corporation,
MID-CENTURY INSURANCE, a California Corporation,
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania Corporation,
PROTO CONSTRUCTION AND PAVING, INC., a Colorado Corporation,

R. G. INSULATION CO, INC., is a trade name of G.H. & W, Incorporated, a Missouri Corporation,
TIG INSURANCE, a California Corporation,
THE COOLER COMPANY, a Colorado Corporation,
TRI-STAR DRYWALL, INC., a Colorado Corporation,
WB LANDSCAPING, INC., a dissolved Colorado Corporation, and
ZURICH SPECIALTIES LONDON, LTD., a non-incorporated re-insurer,

Third Party Defendants.

## ORDER

This matter is before the court on Third-Party Defendant "Zurich Specialties London, Ltd.'s Motion to Compel Computation of Damages." (Doc No. 196, filed Nov. 8, 2011.) Third-Party Defendant R.G. Insulation, Co, Inc. (hereinafter "R.G. Insulation") joined in Zurich Specialties London, Ltd.'s (hereinafter "ZSL") Motion on November 10, 2011. (Doc. No. 198.) Third-Party Plaintiffs Travelers Indemnity Company of America, Travelers Indemnity Company, Travelers Indemnity Company of Connecticut, St. Paul Fire and Marine Insurance Company, and Charter Oak Fire Insurance Company (hereinafter, collectively, "Travelers") filed a response to ZSL's Motion and R.G. Insulation's Joinder on December 16, 2011. (Doc. No. 211 [Resp.].) ZSL filed its reply on December 29, 2011. (Doc. No. 212 [Reply].) Accordingly, this matter is ripe for the court's review and ruling.

In its Motion, ZSL seeks to compel Travelers to provide a computation of its damages pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii). In this case, Plaintiffs, D.R. Horton, Inc. – Denver d/b/a Trimark Communities and D.R. Horton, Inc. (hereinafter "D.R. Horton") brought suit

solely against Travelers to recover defense fees and costs allegedly paid with respect to D.R. Horton's defense in an underlying construction defect case. Travelers maintains that other insurers and/or subcontractors also owed D.R. Horton a defense; thus, Traveler filed a third-party complaint against these remaining insurers and subcontractors pursuant to Fed. R. Civ. P. 14. (Doc. No. 30, filed Apr. 4, 2011 [Third-Party Compl.].)

Rule 26(a) governs initial disclosures and provides that the parties must, among other things, disclose "a computation of any category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). "Rule 26(a)(1) disclosures are designed to accelerated the exchange of basic information, to 'help focus the discovery that is needed, and facilitate preparation for trial or settlement.'" *Hertz v. Luzenac America, Inc.,* No. 04–CV–1961–LTB–CBS, 2006 WL 994431, at *7 (D. Colo. Apr. 13, 2006) (quoting Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26(a)). "Initial disclosures should provide the parties 'with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promot[e] settlement.'" *Id.* (quoting *Windom v. FM Indus., Inc.,* No. 8:00CV580, 2003 WL 21939033, at *2 (D. Neb. Aug. 12, 2003)).

*A.*     *Travelers' Disclosures*

Travelers' Rule 26(a)(1) initial disclosures, served on February 10, 2011, include the following damages computation:

> Travelers has filed counterclaims in which it seeks a declaration that it has satisfied its defense obligations to D.R. Horton as a purported additional insured under the policies issued to Bemas, Brannan, E.J. and Metro, and whether Travelers is entitled to any reimbursement for overpayment of defense costs, plus interest allowed by Colorado law. Whether such reimbursement will be required,

> and in what amount, will depend on the method of allocation selected by this court and the contribution of any other insurer or subcontractor who may be liable for payment of defense.

(Mot., Ex. C at 17 [Initial Disclosures].) Although Travelers served their Initial Disclosures before they filed their Third Party Complaint, they had, and have, an ongoing duty to supplement their disclosures to the extent they are materially incomplete or incorrect. Fed. R. Civ. P. 26(e)(1). Indeed, Travelers acknowledged this duty by serving their "First Supplemental Fed. R. Civ. P. 26(a) Disclosures." (Mot. Ex. A. [First Supp. Disclosures].) However, Travelers' First Supplemental Disclosures did not supplement the computation of damages outlined in their Initial Disclosures. (*See id.*)

ZSL gives Travelers the benefit of the doubt by pointing out that the First Amended Scheduling Order, entered on October 11, 2011, features Travelers' revised computation of damages. (Doc. No. 184 at 33 [Am. Sched. Order]) Based on this concession, the court assumes, without deciding, that any deficiency in Travelers' Initial and First Supplemental Disclosures could be properly cured by a revision in the Amended Scheduling Order. In the Scheduling Order, Travelers set forth the following computation of damages:

> Travelers has filed . . . third party claims in which it seeks a declaration . . . [as to] whether Travelers is entitled to any reimbursement for overpayment of defense fees and costs, plus interest allowed by Colorado law from . . . Third Party Defendants. At most, reimbursement would be . . . the amount of any award in favor of Plaintiff, for which the Third Party Defendants were liable.

(*Id.*)

*B.*     *Discussion of Travelers' Disclosures*

Having reviewed Travelers' Initial Disclosures, First Supplemental Disclosures, and the pertinent section of the Amended Scheduling Order, the court finds that Travelers have failed to discharge their obligations under Fed. R. Civ. P. 26(a) and (e). First, the court notes that Travelers' disclosures fail to include an actual computation of their damages. *Kleiner v. Burns,* No. 00-2160-JWL, 2000 WL 1909470, at *2 (D. Kan. Dec. 22, 2000) ("A defendant generally is entitled to a specific computation of damages.") In their Response, Travelers attempt to mitigate this shortcoming by pointing to Plaintiffs' initial disclosures, where Plaintiffs compute their damages to be $1.25 million in defense fees and costs. (Resp. ¶ 10, Ex. 2 at 5.) Under Travelers' position, because they, Travelers, filed a third-party complaint—which is proper where a third-party defendant may be liable to a third party plaintiff for the latter's liability to the original plaintiff, *see* Fed. R. Civ. P. 14—Travelers can simply point to Plaintiffs' computation of damages generally to fulfill their obligations under Rule 26(a)(1)(A)(iii).

However, the court notes that Travelers' disclosures *do not* refer in any way to the computation of damages included in Plaintiffs' initial disclosures. Moreover, even if Travelers' disclosures did reference Plaintiffs' initial disclosures, that too would have fallen short. *Cf. Hertz,* 2006 WL 994431, at *10 (citing *DirecTV, Inc. v. Puccinelli,* 224 F.R.D. 677, 680-81 (D. Kan. 2004)) (finding that a party cannot rely on allegation in the pleadings to satisfy its disclosure obligation under Rule 26(a)(1)(A)(iii) as that would undermine the objectives underlying Rule 26(a)'s mandatory disclosure obligations); *Design Strategies, Inc. v. Davis,* 367 F. Supp. 2d 630, 633-34 (S.D.N.Y. 2005) (noting that "to the extent that [Plaintiff] gave

Defendants notice of its intention to seek lost profits in its Complaint, it arguably took that notice away by omitting such damages from its subsequent representations regarding the remedies it planed to seek."). The purpose of Rule 26(a) mandatory disclosures would be undermined if a party could fulfill its disclosures obligations by simply referring an opposing party to the pleadings and other discovery in hopes that they might glean the requested information. *Cf. DirecTV,* 244 F.R.D. at 680-81 (concluding that, in answering interrogatories a "plaintiff may not merely refer defendants to other pleadings or its disclosures hoping that defendants will be able to glean the requested information from them.")

Even if Travelers had included a more precise dollar-computation of their total pass-through damages, the court finds that Travelers' disclosures are further deficient because they fail to address whether each third-party defendant is liable to Travelers for all of Plaintiffs' damages against Travelers, or perhaps a smaller portion thereof. Clearly Travelers indeed do have a method of allocation in mind since they state "Travelers paid D.R. Horton what Travelers believes to be *an equitable share* of D.R. Hortons's defense fees and costs. (Resp. ¶ 3 (emphasis added).) Travelers also fail to indicate whether ZSL, R.G. Insulation, and the other third-party defendants are liable jointly, severally, or jointly and severally for Travelers' alleged liability to Plaintiffs. Again, if Traveler's argument to Plaintiff is that it paid its "fair share," Travelers must have a theory for computing that share, and the third-party defendants' respective shares.

These oversights are notable in this case because some of the third-party defendants are, like Travelers, Plaintiffs' insurers; others are Plaintiffs' subcontractors; and still others are the subcontractors' insurers. Given the diverse roles played by the third-party defendants, it is far

from clear that each third-party defendant would be liable for the full amount of Travelers' alleged liability to Plaintiffs, or that all the third-party defendant would share equally in payment responsibility. *See Hertz,* 2006 WL 994431, at *9 (finding that defendants were "entitled to understand the contours of their own potential exposure" where certain claims were brought against all of the named-defendants, but other claims were brought only against a single defendant).

Travelers maintains that Fed. R. Civ. P. 26(a)(1)(A)(iii) "does not require a party to provide an allocation [of its damages], but only a computation." (Resp. ¶ 7.) This is a distinction without a difference. At least in cases involving a number of defendants playing diverse contributory roles, it would clearly frustrate Rule 26(a)'s goal of promoting full disclosure of available facts, *Morel v. Daimler-Chrysler Corp.,* 259 F.R.D. 17, 20 (D.P.R. 2009), to allow a disclosing party to set forth a lump-sum of its damages—which, again, Travelers has failed to do—without any allocation thereof to the individual defendants. Instead, the court finds that each of the third-party defendants are entitled to know the extent of Travelers' claimed damages against them specifically. *See Hertz,* 2006 WL 994431, at *9.

Finally, the court acknowledges that "a party is not expected to provide a calculation of damages which . . . depends on information in the possession of another party." Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26(a). In fact, it may well be that Travelers needed discovery from the third-party defendants—in the form of insurance policies or

other agreements—prior to disclosing its computation and allocation of damages.[1]  However, Travelers' disclosures do not affirmatively state that they did not possess the necessary documents or evidentiary material necessary to compute and apportion their damages in the event of a damages award to Plaintiffs.  *Cf. Kleiner v. Burns,* 2000 WL 1909470, at *2 (D. Kan. Dec. 22, 2000) (finding a violation of Rule 26(a)(1)(A)(iii) where plaintiff's disclosures failed to affirmatively state that the plaintiff did not possess additional documents or evidentiary material upon which her damage claims were based).  Nor have Travelers argued in their Response that the deficiencies in their damages computation were reasonable because they lacked control over the documents or other information necessary to compute their damages.

Altogether, Travelers has not in any way explained its theory of allocation in the event they are held liable to Plaintiffs for all or part of the claimed $1.25 million in damages.  By failing to include any indication of the alleged extent of each third-party defendant's potential liability to Travelers, Travelers has thwarted Rule 26(a)'s purpose of "focus[ing] the discovery that is needed, and facilitat[ing] preparation for trial or settlement." Advisory Committee Notes to 1993 Amendments to Fed. R. Civ. P. 26(a).  Accordingly, the court finds that ZSL's Motion is properly granted to the extent it seeks a more specific damages calculation from Travelers.  As a consequence, the court turns to ZSL's request for sanctions.

---

[1] Of course, this argument loses much of its luster in light of Travelers' insistence in response to Plaintiffs' claims that it has in good-faith tendered its "equitable share" of Plaintiffs' defense costs.  (*See* Resp. ¶ 3.)

## C.     *ZSL's Request for Sanctions*

ZSL's Motion also requests sanctions for Travelers' failure to sufficiently disclose their computation of damages. Federal Rule of Civil Procedure 37(c)(1) states that where a party fails to make a disclosure required by Rule 26(a) or (e), that party may not use at trial any witness or information that was not so disclosed, unless the court determines that the failure to disclose was substantially justified or harmless.

Here, ZSL only half-heartedly argues that Travelers should be precluded from offering evidence of its computations of damages. More specifically, ZSL argues that "[i]f Travelers *continues to refuse* to produce a computation of damages to support its third-party claims, it should be precluded from offering evidence on the issue." (Mot. ¶ 11 (emphasis added).) The court agrees that precluding Travelers from introducing evidence of its damages would be unwarranted, and also finds that alternative sanctions under Fed. R. Civ. P. 37(c)(1)(A)–(C) are inappropriate, because Travelers' failure to disclose a sufficient computation of its theory of apportionment was harmless.

A failure to disclose or supplement "is harmless when there is no prejudice to the party entitled to the disclosure." *Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 680 (D. Kan. 1995).

> The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Here ZSL's Motion was filed less than a month after the Amended Scheduling Order was entered. At that time, well-over six months remained before the discovery deadline, and, as of the date of this order, three months of discovery still remain. Accordingly, any prejudice to ZSL and R.G. Insulation can be substantially mitigated by requiring Travelers to correct their disclosures and by conducting proper discovery regarding Travelers' alleged damages. As to the third *Woodworker's* factor, the court notes that a trial date has not yet been set; as such, there is no sincere threat of disruption and an even greater opportunity to cure any prejudice. *See Hertz,* 2006 WL 994431, at *21 (citing *Potomoac Elec. Power Co v. Elec. Motor Supply, Inc.,* 190 F.R.D. 372, 378 (D. Md. 1999) & *Second Chance Body Armor, Inc. v. Am. Body Armor Inc.,* 177 F.R.D. 633, 637 (N.D. Ill. 1999)).

Arguably, the fourth factor favors ZSL, as ZSL attempted to resolve this matter without court intervention, but Travelers steadfastly refused to supplement its disclosures. However, the first three *Woodworkers* factors clearly demonstrate that ZSL has not, and will not, be unduly prejudiced; the court finds that Travelers' arguable culpability does not tip this balance. *Nguyen,* 162 F.R.D. at 680. Accordingly, because Travelers deficient disclosures were harmless, the court declines to award sanctions to ZSL under Rule 37(c)(1).

It is therefore **ORDERED**

"Zurich Specialties London, LTD.'s Motion to Compel Computation of Damages" (Doc No. 196) is GRANTED in part and DENIED in part as follows:

1. ZSL's Motion is GRANTED to the extent it seeks to compel a computation of damages from Travelers. On or before February 24, 2012, Travelers shall serve supplemental disclosures pursuant to Fed. R. Civ. P. 26(e), curing the deficiencies noted in this Order by including (1) a sum-certain of their damages as to each third-party defendant, and (2) a theory of apportionment of their damages. If Travelers lack the necessary information or documents to make these disclosures, Travelers shall affirmatively include a statement to this effect in their supplemental disclosures. Further, in the event that Travelers are unable to tender complete and accurate disclosures under Rule 26(a)(1)(A)(iii), Travelers is advised of its continuing duty to supplement under Rule 26(e).

2. ZSL's Motion is DENIED to the extent it seeks sanctions pursuant to Fed. R. Civ. P. 37(c).

Dated this 8th day of February, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge