**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02826-WJM-KMT

D.R. HORTON, INC.-DENVER d/b/a TRIMARK COMMUNITIES, a Delaware corporation, and
D.R. HORTON, INC., a Delaware corporation,

    Plaintiffs,

v.

THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut corporation,
TRAVELERS INDEMNITY COMPANY, a Connecticut corporation,
TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation,
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, and
CHARTER OAK FIRE INSURANCE COMPANY, a Connecticut corporation,

    Defendants/Third-Party Plaintiffs,

v.

AAA WATERPROOFING, INC., a Colorado Corporation,
ADMIRAL INSURANCE COMPANY, a Delaware Corporation,
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, a New York Corporation,
ARK CONSTRUCTION SERVICES, INC., a dissolved Colorado Corporation,
C & C SEAMLESS GUTTER COMPANY, was a trade name of Williams Consolidated I Ltd., a Texas corporation,
CONCRETE MANAGEMENT CORPORATION, a Colorado Corporation,
D.A.S.H. CONCRETE, INC., a Colorado Corporation,
DOVE CREEK ENTERPRISES, INC., a Colorado Corporation,
FOSTER FRAMES, INC., a Colorado Corporation,
J & K PIPELINE, INC., a Colorado Corporation,
JORGE ROMERO, d/b/a SPECIALIST PAINT,
LEVEL MASONRY, INC., a dissolved Colorado Corporation,
MID-CENTURY INSURANCE, a California Corporation,
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania Corporation,
PROTO CONSTRUCTION AND PAVING, INC., a Colorado Corporation,
R.G. INSULATION CO., INC., is a trade name of G.H. & W, Incorporated, a Missouri Corporation,
TIG INSURANCE, a California Corporation,
THE COOLER COMPANY, a Colorado Corporation,

TRI-STAR DRYWALL, INC., a Colorado Corporation,
WB LANDSCAPING, INC., a dissolved Colorado Corporation, and
ZURICH SPECIALTIES LONDON, LTD., a non-incorporated re-insurer,

      Third-Party Defendants.

**ORDER ON MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
AND TWO PENDING MOTIONS TO DISMISS**

This matter is before the Court on Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 226), as well as Motions to Dismiss filed by Third-Party Defendants Jorge Romero d/b/a Specialist Paint ("Specialist Paint") (ECF No. 159) and R.G. Insulation Co., Inc. ("R.G. Insulation") (ECF No. 171).[1] The Motions are fully briefed and ripe for adjudication. (*See also* ECF No. 229, 231, 235; ECF No. 166, 185, 187, 188; ECF No. 186, 200.) For the following reasons, Plaintiffs' Motion for Leave to File First Amended Complaint is GRANTED, and Specialist Paint and R.G. Insulation's Motions to Dismiss are DENIED AS MOOT.

## I. BACKGROUND

The Court hereby incorporates by reference its discussion of the factual and procedural background of this action in its March 14, 2012 Order ruling on several Motions to Dismiss and Motions for Summary Judgment. (ECF No. 228, at 3-5.) In short, Plaintiffs in this action seek to recover from the Travelers Defendants defense fees and costs Plaintiffs incurred in defending underlying construction defects litigation.

---

[1] In its March 14, 2012 Order ruling on several Motions to Dismiss and Motions for Summary Judgment, the Court deferred ruling on these two Motions to Dismiss because arguments made therein would be potentially impacted by the Court's ruling on Plaintiffs' Motion for Leave to File First Amended Complaint. (*See* ECF No. 228, at 20-21.)

2

The Travelers Defendants subsequently filed a third-party complaint in this action against certain subcontractors who worked on the construction project, as well as certain insurers of subcontractors, seeking, *inter alia*, contribution in the event that the Travelers Defendants are found liable for anything greater than what the Travelers Defendants believe to be their equitable share of Plaintiffs' defense fees and costs.

## II. DISCUSSION

**A.   Leave to Amend**

**1.   Joint and Several Liability**

The primary way in which Plaintiffs now seek to amend their Complaint is to "clarify" that they are seeking to recover from the Travelers Defendants the full amount of defense fees and costs incurred in defending the underlying litigation. (*See* ECF No. 226-3.)[2] Thus, Plaintiffs' proposed First Amended Complaint strikes any mention of the Travelers Defendants' alleged failure to pay their equitable *share* of Plaintiffs' defense fees and costs. (*See id.*)

In response, the Travelers Defendants argue that Plaintiffs are seeking to "change" their theory of recovery in this case, now seeking to hold the Travelers Defendants liable for the full amount of defense fees and costs, but previously only seeking to recover the Travelers Defendants equitable share of defense fees and costs.

---

[2] Plaintiffs explain, "As the case evolved, [Plaintiffs] realized that it was biting off more than necessary. It is not [Plaintiffs'] job to save Travelers money by chasing down other parties who have refused to pay [Plaintiffs'] Defense Costs and Fees. Each Travelers Defendant had a joint and several obligation to provide [Plaintiffs] with a full and complete defense. If Travelers had (or has) the opportunity to reduce its own financial exposure by seeking contribution from other potentially liable parties, the obligation to pursue such contribution . . . falls to Travelers, not [Plaintiffs]. Any other conclusion would diminish the value of the defense Travelers was obligated to provide." (ECF No. 235, at 1-2.)

(*See* ECF No. 229.) The Travelers Defendants argue that, given that the deadline to amend pleadings laid out in the governing scheduling order has passed, Plaintiffs cannot meet the two-part test of showing "good cause" to amend the scheduling order under Federal Rule of Civil Procedure 16(b), and showing that amendment should be allowed under Federal Rule of Civil Procedure 15(a).

The Court agrees with the Travelers Defendants that a reasonable reading of the scheduling order in this case indicates that Plaintiffs' deadline to amend their Complaint was November 18, 2011. (*See* ECF No. 184, at 42.)

The Tenth Circuit has not ruled on whether the "good cause" standard of Rule 16(b) must be met when a party seeks to amend an existing pleading after the deadline to amend pleadings set in a scheduling order has passed. *See Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009) ("Most circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated. . . . This circuit, however, has not ruled on that question in the context of an amendment to an existing pleading.") (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) ("We do not decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements.")); *see also Rogers v. Wesco Props., LLC*, No. 10-cv-01854, 2012 WL 1018431, at *3 (D. Colo. Mar. 26, 2012) (solely analyzing Rule 15(a) on the ground that Tenth Circuit has not ruled that Rule 16(b) must be considered).

The Court thus begins its analysis by evaluating whether Plaintiffs are entitled to amend their Complaint under Rule 15(a). Rule 15(a) provides that leave to amend

should be freely give "when justice so requires," and under Tenth Circuit law leave to amend should only be denied upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010). Justice here calls for allowing amendment here for two reasons.

First, Plaintiffs' *original* Complaint can be reasonably interpreted as seeking to hold the Travelers Defendants liable for the full amount of defense fees and costs incurred. (*See, e.g.*, ECF No. 1-1, at 11 (first paragraph of prayer for relief section of Complaint); *id.* at 12 (third paragraph of prayer for relief).[3] This reading would mean that Plaintiffs' proposed amendment would constitute a mere clarification of an already existing theory of recovery. And second, although it appears to be an open question, the law better supports Plaintiffs' position that, where more than one liability insurer was obligated to provide a defense but did not, an insured can seek to recover from one of the insurers the total amount of defense fees and costs incurred (with the insurer then able to seek contribution from any co-insurers). *See, e.g.*, *Nat'l Cas. Co. v. Great Sw. Fire Ins. Co.*, 833 P.2d 741, 747-48 (Colo. 1992); *Hecla Min. Co. v. N.H. Ins. Co.*, 811 P.2d 1083, 1089-90 (Colo. 1991); *see also Trinity Universal Ins. Co. v. Employers Mut.*

---

[3] That is not to say that one could not also reasonably interpret the Complaint as only seeking to recover the Travelers Defendants' equitable share of defense fees and costs. However, the Court notes that Plaintiffs and the Travelers Defendants appear to have engaged in settlement negotiations prior to the filing of this action where Plaintiffs may have been willing to forego the filing of this action if the Travelers Defendants had tendered what Plaintiffs believed to be the Travelers Defendants' equitable share of defense fees and costs. The Complaint can be read as merely reciting Plaintiffs' position that the Travelers Defendants' position in those settlement negotiations was unreasonable, and not that Plaintiffs intended to limit their recovery in this action to only the Travelers Defendants' equitable share of defense fees and costs.

*Cas. Co.*, 592 F.3d 687, 695 (5th Cir. 2010).

Further, the Travelers Defendants have not established any undue delay, undue prejudice, bad faith, or futility of amendment. In terms of undue delay, the Travelers Defendants argue that Plaintiffs were on notice as of August 2011 that certain Third-Party Defendants were arguing in their Motions to Dismiss that Plaintiffs were only seeking to recover the Travelers Defendants' equitable share of Plaintiffs' defense fees and costs. (*See* ECF No. 159, 171; *see also* ECF No. 166). However, Plaintiffs' Complaint is brought against the Travelers Defendants only (not the Third-Party Defendants), and so Plaintiffs were not required to amend their Complaint to assist the Travelers Defendants in defending against the Third-Party Defendants' Motions to Dismiss. There is no basis for the Court to question Plaintiffs' contention that it was not aware until late February 2012 – when the Travelers' Defendants supplemented their disclosures – that the Travelers Defendants were taking the same position as those Third-Party Defendants. The Court also finds that the Travelers Defendants have not established undue prejudice. Further, the Court rejects the Travelers Defendants' arguments of bad faith and futility of amendment. Thus, Plaintiffs are entitled to amend their Complaint under Rule 15(a).

Further, even if the Tenth Circuit were to rule that the "good cause" standard of Rule 16(b) must *also* be met when a party seeks to amend an existing pleading after the scheduled deadline to amend pleadings has passed, the Court finds the "good cause" standard to be met here. This standard "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter*, 451 F.3d at 1205 n.4. Because the Court

has held that Plaintiffs' original Complaint can be reasonably interpreted as seeking to recover the full amount of defense fees and costs incurred, and because Plaintiffs were apparently not put on notice of the Travelers Defendants' position until late February 2012, Plaintiffs had good cause to wait until then to seek to amend their Complaint to clarify that it is seeking to recover from the Travelers Defendants the full amount of defense fees and costs.

### 2. Paragraph 56 of the Proposed First Amended Complaint

Plaintiffs also seek to amend their Complaint to make clear that the damages they seek under their statutory bad faith claim under Colorado Revised Statute § 10-3-1116 are "[i]n addition to other remedies available at law or in equity," and that they seek to recover such damages from "each of" the Travelers Defendants. (*See* ECF No. 226-3, at 12.)

The Travelers Defendants argue that these proposed amendments actually confuse the issues as to what claims and damages Plaintiffs are pursuing, arguing that it appears that Plaintiffs may be seeking to add a claim for common law bad faith. The Court disagrees. Plaintiffs' proposed Amended Complaint clearly delineates the claims Plaintiffs are pursuing, none of which are common law bad faith claims. While Plaintiffs may ultimately seek to recover statutory bad faith damages *in addition to* its damages under its breach of contract claim and its claim under the Colorado Consumer Protection Act, the Court in allowing this amendment is not indicating that such recovery would ultimately be allowed. *See, e.g.*, *Sanderson v. Allstate Ins. Co.*, 738 F. Supp. 432, 435 (D. Colo. 1990). Plaintiffs' clarification regarding the damages that they will ultimately ask the Court for in no way prejudices the Travelers Defendants at this stage

of the proceedings. For this and other applicable reasons, the Court will allow this amendment.

### 3. Paragraph 42 of the Proposed First Amended Complaint

Plaintiffs seek to add a paragraph to the Complaint to clarify that the Travelers Defendants have continued, during the course of this litigation, their allegedly unreasonable position of allocating defense fees and costs. Plaintiffs presumably want to add this paragraph to their Complaint to buttress their statutory claim of bad faith breach of insurance contract. Because Plaintiffs obviously could not make such an allegation when this action was originally filed, and because in certain circumstances an insurer's post-litigation conduct can support a bad faith claim, *see Dale v. Guar. Nat'l Ins. Co.*, 948 P.2d 545, 552 (Colo. 1997); *Parsons ex rel. Parsons v. Allstate Ins. Co.*, 165 P.3d 809, 815 (Colo. App. 2006), the Court will allow this amendment.

### B.   Remaining Pending Motions to Dismiss

In their Motions to Dismiss, Specialist Paint and R.G. Insulation argue that (1) the Travelers Defendants' claims against them necessarily fail because Plaintiffs are only seeking to recover the Travelers Defendants' equitable share of defense fees and costs; and (2) the Travelers Defendants' claims are barred by applicable statutes of limitation. (ECF No. 159, 171.)

As to the first argument made by Specialist Paint and R.G. Insulation, Plaintiffs' amendment of their Complaint effectively moots the argument. Given that Plaintiffs seek to hold the Travelers Defendants liable for the full amount of Plaintiffs' defense fees and costs, the Travelers Defendants' contribution and declaratoy judgment claims

against the Third-Party Defendants remain viable.

As to the second argument made by Specialist Paint and R.G. Insulation, the Court has already ruled as to the timeliness of the Travelers Defendants' claims against the Third-Party Defendant subcontractors. (ECF No. 228, at 15-16.) Specifically, the Court, on its own motion, has dismissed the Travelers Defendants' subrogation claim against the subcontractors as untimely, but has held that the Travelers Defendants' contribution and declaratory judgment claims are timely. (*Id.*) Thus, the second argument made by Specialist Paint and R.G. Insulation in their Motions to Dismiss is also moot.[4]

## IV.  CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

(1)     Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 226) is GRANTED;

(2)     Plaintiffs' First Amended Complaint, filed as Exhibit 4 to their Motion for Leave to File First Amended Complaint, is ACCEPTED AS FILED;

(3)     The Clerk of Court shall FILE as a separate docket entry the First Amended Complaint located at ECF No. 226, Exhibit 4;

(4)     Jorge Romero d/b/a Specialist Paint's Motion to Dismiss (ECF No. 159) is

---

[4] In its Response to Plaintiffs' Motion for Leave to File First Amended Complaint, Specialist Paint argues for the first time that it entered into a settlement with Plaintiffs in the underlying litigation that should release it from any and all claims brought against it in this action by the Travelers Defendants. First, this argument is not properly before the Court. Second, Specialist Paint relies entirely on Colorado Revised Statute § 13-50.5-105 – the Uniform Contribution Among Tortfeasors Act – for its argument. As Plaintiffs point out in their Reply, this statute involving tort liability does not apply in this breach of contract action. (Regarding the few times this Court cited to this statute in its March 14, 2012 order, it did so in error.)

        DENIED AS MOOT; and

(5)    R.G. Insulation Co., Inc.'s Motion to Dismiss (ECF No. 171) is DENIED AS MOOT.

Dated this 9th day of April, 2012.

BY THE COURT:

*[signature]*

William J. Martínez
United States District Judge