# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 10-cv-02826-WJM-KMT

D.R. HORTON, INC.-DENVER d/b/a TRIMARK COMMUNITIES, a Delaware corporation, and
D.R. HORTON, INC., a Delaware corporation,

    Plaintiffs,

v.

THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut corporation,
TRAVELERS INDEMNITY COMPANY, a Connecticut corporation,
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, and
CHARTER OAK FIRE INSURANCE COMPANY, a Connecticut corporation,

    Defendants/Third-Party Plaintiffs,

v.

AAA WATERPROOFING, INC., a Colorado Corporation,
ARK CONSTRUCTION SERVICES, INC., a dissolved Colorado Corporation,
CONCRETE MANAGEMENT CORPORATION, a Colorado Corporation,
COURMEG LANDSCAPING DESIGN, LLC, a Colorado Limited Liability Company,
D.A.S.H. CONCRETE, INC., a Colorado Corporation,
DOVE CREEK ENTERPRISES, INC., a Colorado Corporation,
FOSTER FRAMES, INC., a Colorado Corporation,
J & K PIPELINE, INC., a Colorado Corporation,
JORGE ROMERO, d/b/a SPECIALIST PAINT,
LEVEL MASONRY, INC., a dissolved Colorado Corporation,
MID-CENTURY INSURANCE, a California Corporation,
PROTO CONSTRUCTION AND PAVING, INC., a Colorado Corporation,
R.G. INSULATION CO., INC., is a trade name of G.H. & W, Incorporated, a Missouri Corporation,
TIG INSURANCE, a California Corporation,
THE COOLER COMPANY, a Colorado Corporation, and
ZURICH SPECIALTIES LONDON, LTD., a non-incorporated re-insurer,

    Third-Party Defendants.

### ORDER DIRECTING THE PARTIES TO PROMPTLY SCHEDULE A MEDIATION CONFERENCE BEFORE A PRIVATE MEDIATOR

This matter is before the Court on the Parties' Status Reports seeking a settlement conference before U.S. Magistrate Judge Kathleen M. Tafoya or before a private mediator. The Court has reviewed the Status Reports, and notes that Third Party Plaintiff's Status Report provides a helpful summary of the Parties's positions on this issue. (ECF No. 428.) The Report notes that Third Party Plaintiffs have "conferred with all parties with respect to a settlement conference." (*Id.* at 1.) It further states that with the exception of Third Party Defendant Zurich (who takes no position with regard to mediation at this point), all Parties are agreeable to participating in mediation. (*Id.*)

In light of the above, the Court hereby ORDERS as follows:

1. The Parties are to take steps to immediately engage the services of a private mediator to conduct a mediation conference, with the aim of definitively resolving all remaining claims in this case. If the Parties are all able to agree on the mediator before whom the mediation is to be conducted, the Parties are to inform the Court of this agreement by no later than October 18, 2013. This filing will also include the dates which have been set aside by the selected mediator to conduct the mediation conference.

2. If the Parties are unable to agree on the selection of a mediator, then on or before October 18, 2013 **each party** is to provide the Court with the name of its preferred mediator, to include: (a) the resume of the preferred

mediators; and (b) the dates within the next 90 days that these possible mediators are available to conduct a mediation conference in this case.

3. The Court will then select the mediator from among the mediators identified in the Parties' submissions, and the Parties will then be ordered to engage the services of the selected mediator and schedule a mediation before him or her at the earliest possible date available on the selected mediator's calendar.

Dated this 28th day of September, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge