**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02826-WJM-KMT

D.R. HORTON, INC.-DENVER d/b/a TRIMARK COMMUNITIES, a Delaware
corporation, and
D.R. HORTON, INC., a Delaware corporation,

      Plaintiffs,

v.

THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut corporation,
TRAVELERS INDEMNITY COMPANY, a Connecticut corporation,
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation, and
CHARTER OAK FIRE INSURANCE COMPANY, a Connecticut corporation,

      Defendants/Third-Party Plaintiffs,

v.

AAA WATERPROOFING, INC., a Colorado Corporation,
ARK CONSTRUCTION SERVICES, INC., a dissolved Colorado Corporation,
CONCRETE MANAGEMENT CORPORATION, a Colorado Corporation,
COURMEG LANDSCAPING DESIGN, LLC, a Colorado Limited Liability Company,
D.A.S.H. CONCRETE, INC., a Colorado Corporation,
DOVE CREEK ENTERPRISES, INC., a Colorado Corporation,
FOSTER FRAMES, INC., a Colorado Corporation,
J & K PIPELINE, INC., a Colorado Corporation,
JORGE ROMERO, d/b/a SPECIALIST PAINT,
LEVEL MASONRY, INC., a dissolved Colorado Corporation,
MID-CENTURY INSURANCE, a California Corporation,
PROTO CONSTRUCTION AND PAVING, INC., a Colorado Corporation,
R.G. INSULATION CO., INC., is a trade name of G.H. & W, Incorporated, a Missouri
Corporation,
TIG INSURANCE, a California Corporation,
THE COOLER COMPANY, a Colorado Corporation, and
ZURICH SPECIALTIES LONDON, LTD., a non-incorporated re-insurer,

      Third-Party Defendants.

**ORDER DENYING THIRD PARTY DEFENDANT JORGE ROMERO, d/b/a
SPECIALIST PAINT'S MOTION TO AMEND SUMMARY JUDGMENT ORDER
AND CERTIFY FOR APPEAL**

This matter is before the Court on Third Party Defendant Jorge Romero, d/b/a

Specialist Paint's ("Specialist Paint") Motion to Amend Summary Judgment Order and

Certify Appeal ("Motion").  (ECF No. 439.).  Third Party Plaintiffs, The Travelers

Indemnity Company of America, The Travelers Indemnity Company, St. Paul Fire and

Marine Insurance Company, and the Charter Oak Fire Insurance Company (collectively,

"Travelers Entities") have filed a Response in opposition to the Motion (ECF No. 441).

For the following reasons Specialist Paint's Motion is denied.

## I.  LEGAL STANDARD

On October 31, 2012, this Court entered an Order denying Specialist Paint's Motion

for Summary Judgment.  (ECF No. 397.)  Specialist Paint now seeks certification for an

interlocutory appeal of that Order pursuant to 28 U.S.C. § 1292(b).  When analyzing

whether Certification is appropriate under § 1292(b) the Court must find that its Order (1)

"involves a controlling question of law as to which (2) there is substantial ground for

difference of opinion and that (3) an immediate appeal from the order may materially

advance the ultimate termination of the litigation . . . ."  28 U.S.C. § 1292(b); *see also In re*

*Grand Jury Proceedings June 1991*, 767 F. Supp. 222, 223 (D. Colo. 1991).

It is entirely within a district court's discretion to certify an order for appeal under

Section 1292(b).  *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995).

However, the prevailing policy is against piecemeal interlocutory review other than as

provided for by statutorily authorized appeals. *See Pacific Union Conference of Seventh-Day Adventists v Marshall, 434 U.S. 1305, 1309 (1977).*

## II. ANALYSIS

The Court will consider each of the three prongs of the Section 1292(b) analysis in turn below.

### A. Controlling Question of Law

Under Section 1292(b), a question of law is a "pure" question that the reviewing court could decide quickly and cleanly without having to study the record. *See Pack v. Investools, Inc.*, 2011 WL 2161098, at *1 (D. Utah June 1, 2011). The question is controlling if interlocutory reversal would terminate the action or substantially effect the course of litigation conserving resources for either the district court or the parties. *Id.*

Specialist Paint asserts that the "controlling question of law" is three fold: (1) whether subcontractors who fail to obtain liability insurance as agreed under a contract with a general contractor become liability insurers, as a matter of law, for the general contractor in any subsequent construction defect litigation, regardless of whether that remedy is contained within the contract; (2) whether a subcontractor's duty to defend a general contractor under these circumstances is joint and several with insurers who have a duty to defend under an Additional Insured endorsement; and (3) whether settlement with a general contractor of all claims asserted against the subcontractor, including claims for defense fees and costs, will eliminate liability for future contribution claims against the settling subcontractor for the general contractor's defense fees and costs. (ECF No. 439 at 5.)

The Court finds that these are not pure questions of law. In order for the reviewing court to make a decision on appeal, the reviewing court would necessarily have to make an extensive review of the record in order to interpret the Independent Contractor Agreements (ICAs) entered into by the parties, which is inconsistent with purpose and intent of a §1292(b) interlocutory appeal. The ICAs define the relationship between the general contractor and its subcontractors, as well as defining the subcontractors' duties and liabilities. For this reason, this Court determines that Specialist Paint has failed to show the existence of a "controlling question of law" that needs to be decided by interlocutory appeal.

**B.      Substantial Ground for Difference of Opinion**

A party requesting review cannot succeed on this element unless it shows that there is a controlling question of law upon which there could be substantial grounds for a difference of opinion. *See Pack v. Investools, Inc.*, 2011 WL 2161098, at *2. Because the Court has determined that Specialist Paint has failed to establish the existence of a controlling question of law, this element is not satisfied and certification under Section 1292(b) is not appropriate.

**C.      Materially Advance Litigation**

The Court finds that Specialist Paint has also failed to show that certification of the Order on Summary Judgment would materially advance the litigation. Rather, the Court's view is quite to the opposite – that certification will significantly delay this case, which has already been pending since November 2010, and is currently the fifth-oldest case on the Court's docket of over 270 cases. The Final Pretrial Conference is currently set for November 12, 2013, and the parties have set a two-day mediation in

late January 2014 between the Traveler Entities and the Third-Party Defendants.  An

appeal at this juncture will only serve to delay a matter that has been pending for over

three years.  The Court finds that this delay would do violence to the spirit and purpose

§ 1292(b).

### III.  CONCLUSION

Section 1292(b) is meant to be used sparingly and interlocutory appeals under

this section are rare.  *See Pack v. Investools, Inc.*, 2011 WL 2161098, at *1.  The Tenth

Circuit has held that the requirement for district court certification is imperative as a

procedural screen to avoid fruitless petitions contrary to the purpose of § 1292(b).  *State*

*of Utah v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994).

Specialist Paint's Motion for Certification fails to establish that this Court's Order

denying Specialist Paint's Motion for Summary Judgment resulted in a controlling

question of law, as to which there is a substantial ground for difference of opinion, and

which can only be remedied by an immediate appeal that could materially effect the

outcome of this action.  As such, Specialist Paint's Motion for Certification pursuant to

28 U.S.C. § 1292(b) is DENIED.

Dated this 1st day of November, 2013.

BY THE COURT:

William J. Martínez
United States District Judge